The Chief Jhstioe delivered the opinion of the court as follows:
This cause was at the last term submitted, without argument, upon a case stated. David Ewan, who died in the year 1806, by his will bearing date in the year 1792, ■ devised as follows — “I give, bequeath and dispose of all and singular the said lands and plantation unto my -wife's son .Jonathan Ewan as is so called, to him and his lawful begotten heir forever, and my will further is, that if the said Jonathan Ewan should die without lawful heir, that then I *16 give and bequeath the said lands unto my brother Absalom Ewan and to his heirs and assigns forever.” The nature of’ the estate vested in Jonathan Ewan/who on the decease of the testator entered into possession of the premises, is the-question presented to us. If it was an estate in fee tail the plaintiff is entitled to recover.
'The objections on the part of the defendant to the creation' of an estate tail by this devise, we may presume, as they have not been stated to us, are these four, the want of' words of procreation, the word of inheritance being in the singular number, the generality of the term “ heir,” and the use of the word “forever.”
1. The devise does not contain the words “of the body’’ or “of his body,” usually denominated words of procreation. The only support I have found for the position that these-words are indispensable to the creation of an estate tail by devise is in the expression attributed to the court in the-case of Abraham v. Twigg, Cro. Eliz. 478, and the case of Farrington v. Darell, Year Book 9 Hen. 6, page 23. lathe former case a feoffment was made to the use of G. D. and his heirs males lawfully engendered. And the court are reported by Croke to have said: “It cannot, be an estate tail because there is not anybody from which this heir male should come, and so it is in case of a devise as appears 9 Hen. 6, pl. 25.” But *13] *Sergeant Moore in his report of this case, Moore’s-Rep. 424, states that all the justices agreed it was a fee simple and not in tail for want of mention of heirs of the body in the limitation of the use, “El n’est semble al volunt de terre.” It is not like a will of land. As Moore says he argued the case himself and it was adjudged against his argument, his report is probably to be preferred to that off Oroke who was then comparatively a young man, and had not received the dignity of the coif or been advanced to the-bench, and if so, the sanction of the court, which at best would be but an obiter dictum is not given to the necessity *17 of thoso words in a will but rather to the contrary. In the case of Farrington v. Darrel, 9 Hen. 6, page 23, the devise was “ to the next heir male of the said It.” And Paston said “ if laud be given to a man and to his heirs males or his heirs females it is a fee simple, quod fuit concessum, but if it be given to him and to his heirs males or females of his body, &c., then he has a good tail, and as in the case at the bar the remainder was to the heirs males of the devisor and not of the body of the devisor begotten, it is a fee simple.” Whatever may have been the weight of this authority in tho reign of Henry the 6th, it is very certain that at the present day no great deference will bo paid to a case which draws the rule of construction for a will from that of a deed, or gives a certain effect to words in the former, because that effect is given to them in the latter. It was not very long however until the contrary doctrine was established, for in the year book 27, Hen. 8, pl. 11, page 27, it was held that by a devise to a man and his heirs male, the devisee will have an estate tail without further words, for the law is favorable to all devises and construes them according to the intent of the devisor, for which reason the devisee will have an estate tail, but otherwise it is of a gift made as above. And this doctrine has been since sustained in the English courts by an uninterrupted series of decisions until the present day. Church v. Wyatt, Moore 637, pl. 877; Baker v. Wall, 1 Ld. Raym. 185; Idle v. Cook, per (Powys Justice) 2 Ld. Raym. 1146; Whiting v. Wilkins, 1 Bulstr. 219; Clerk v. Day, Cro. Eliz. 213; Richards v. Bergavenny, 2 Vern. 325; Dawes v. Ferrers, 2 P. Wms. 3; Barret v. Beckford, 1 Vez. sen. 521; Nanfan v. Legh, 7 Taunton 85. It is not necessary, however, to refer to the multitude of English decisions, for the point has been settled in this court by the case of Den v. Fogg, Penn. Rep. 819. A devise “ to my son W. H. and to his male heirs ” was held to be an estate tail, *and [*14 Pennington, Justice, says, “ It has been the settled law for *18 ■two hundred years that where one devises land to a man and his heirs male that this by construction -of law is an estate tail.”
■ 2. The devise under consideration is to his lawful begotten heir. It is nevertheless an estate tail. In. liber assisarum 39 Ed. 3 pl. 20, page 238, a devise to a man and his wife and to one heir, &c., was held an estate tail. In Whiting v. Wilkins, already cited, the testator devised unto Bobert "Whiting his youngest son forever, and after his decease the remainder to his heir male forever, with divers the like remainders in the same manner limited to the next eldest •son and to his heir male forever. Dodderidge, Justice, ■says “ to his heir male in the singular number and heirs male in the plural number are all one as to the making of .an estate tail.” Oroke says, “ it is all one to limit this to heir male and to heirs male. This word, heir, is only the :.manner of gradation and distribution.” In Clerk v. Day, Cro. Eliz. 313, “ It was agreed by all the justices that a ■devise to one and the heir of his body is an estate tail ” — ■ “ for heir, is nomen collectivum.” In Richards v. Bergavenny, 2 Vern. 325, a devise to a man for life, remainder to the heir male of his body though in the singular number is an estate tail.
3. The words of the devise before us are to him “ and his .lawful begotten heir;” and hence it may be argued as it has been before, that the words may be satisfied by a descent to any person lawfully begotten who is his heir, though not of his body, and therefore no estate tail has been created. But such is not the legal construction of these words. Most of the cases referred to under the first, head might be arrayed to oppose such a construction, but there are some expressly in point. Barret v. Beckford 1 Vez. sen. 521. James Pope devised to his nephew and his legitimate heirs, and' if he died without legitimate heirs, then to the family of the Popes his relations. Lord ITardwicke said, the proper construction ..of legitimate heirs, is heirs of his .body lawfully *19 begotten, for if to him and his heirs lawfully begotten, that would be heirs of his body. In Dawes v. Ferrers, 2 P. Wins. 3, Lord Chancellor Macclesfield says “ the words heirs male [in a will, of which instrument he was speaking] must be intended heirs male of the body and would never extend to an heir male in any collateral line.”
4. The clause of the will before us contains the word “ forever.” In some positions this word has due effect in the formation of a fee simple. It is not however technical and its just influence is regulated *by its connection. [*15 In Whiting v. Wilkins, the devise was to E. W. his younger son, forever, and after his decease the remainder to his heir male forever. In Baker v. Wall, 1 Ld. Raym. 185, the devise was to D. my oldest son, to him and his heirs male forever. In Nanfan v. Legh, the words were to his son J. H. and to his heirs lawfully begotten forever. Yet in these cases the word did not prevent or impede the creation of an estate tail.
Under the devise in question I am of opinion that Jonathan Ewan took an estate in fee tail, and that judgment should be rendered for the plaintiff.
Judgment for the plaintiff.